# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

           **Plaintiff,**

    **v.**                                        **Case No. 09-C-950**

APPROXIMATELY $7,400 IN
UNITED STATES CURRENCY
and APPROXIMATELY $5,602
IN UNITED STATES CURRENCY
IN U.S. BANK SAVINGS ACCOUNT
ENDING IN NUMBER 9352, HELD IN
THE NAME OF CLAUDIA MURILLO,

           **Defendants.**

---

CLAUDIA MURILLO-FIGUEROA

           **Claimant.**

---

# DECISION AND ORDER

---

       This forfeiture action is before the Court on motion of the Plaintiff, the United

States of America (the "United States"), to compel the Claimant, Claudia Murillo-Figueroa

("Murillo"), to respond fully and completely to its requests for production numbers six and

seven within 21 days of the date of the Court's order, and for an extension of the deadlines for

discovery, dispositive motion deadlines, and trial dates by a period of at least 90 days to allow the United States to make effective use of any discovery materials that may be subject to production if its motion is granted.

Murillo responds only that she has provided the United States with all the information in her possession and that she is seeking to supplement that information. She does not comment regarding the request for extensions of time.

In its reply brief, the United States indicates that, in the nearly six weeks since Murillo filed her response to the motion, she produced no additional documents.

## Motion to Compel and for Extensions of Time

With respect to the United States' motion to compel, Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for "production of any designated documents or electronically stored information . . . or, any designated tangible things . . . ." Fed. R. Civ. P. 34(a). Under Rule 34, a party must produce all discoverable documents, electronically stored information or tangible things in response to a request that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The scope of discoverable information under Rule 34(a) matches the scope of information that is discoverable under Rule 26(b). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Nw.*

*Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)(quoting Fed. R. Civ. P. 26(b)(1)). (emphasis added.)

"[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Walls v. Paulson*, 250 F.R.D. 48, 50 (D.D.C. 2008) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Kifle v. Parks & History Ass'n*, No. Civ. A. 98-00048 (CKK), 1998 WL 1109117, at *1 (D.D.C. Oct.15, 1998)). A party is obligated to produce her account records when she has the legal right to those records even though the party does not have a copy of the records. *See Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1994 WL 383983, at *4 (N.D. Ill. July 20, 1994); *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595-96 (S.D.N.Y. 1978). *See also*, *Preservation Prods., LLC v. Nutraceutical Clinical Labs. Int'l*, 214 F.R.D. 494, 495 (N.D. Ill. 2003).

The United States' request for production number six asks for all documents regarding the purchase, ownership, sale or lease of any vehicle for the past four years by Murillo, her boyfriend, or both of them. The United States indicates that, although Murillo's interrogatory answers indicate that she and her boyfriend owned three vehicles during the four-year time frame, she has only provided the United States with the title and registration for one vehicle. She has not provided any documents regarding the purchase and/or sale of any of the

three vehicles that she or her boyfriend owned individually or jointly during the specified time period.

The United States' request for production number seven asks for all personal and business account statements, passbooks, bills, or other financial statements of account for all investments of any types for the past four years of Murillo, her boyfriend, or both of them. In response, as to the U.S. Bank account ending in digits 9352 from which the defendant $5,602.20 in currency was seized, Murillo produced a monthly statement dated March 2008. For another U.S. Bank account ending in digits 6663 that Murillo maintained, she produced no bank statements, and she produced no account statements for any loan accounts that either she or her boyfriend had, jointly or individually, during the four-year period.

Murillo claims that she received both amounts of the defendant currency as gifts from her father. However, United States believes that the account records may to show that the defendant monies were furnished or were intended to be furnished in exchange for controlled substances. The records relating to the purchase or sale of the vehicles, bank account and any loan records may provide evidence regarding the United States' theory of its case. As such, the information sought by requests numbers six and seven is discoverable because it may lead to the discovery of evidence that will be admissible in this action.

Murillo indicates that she has produced all the documents within her possession that are subject to the United States' requests for production numbers six and seven. However, her obligation to produce those documents includes any documents that are in her legal

control. To the extent that Murillo has not produced subject documents that are within her legal control, she must do so, even if she does not currently have physical possession of them. Murillo has legal control over documents relating to her bank accounts – upon her request (and perhaps upon payment of a fee) – the bank will provide her with records of her accounts. Therefore, the United States' motion to compel is granted as to requests numbers six and seven of its request for production. By the stated deadline, Murillo must produce the past four years of bank records for the U.S. Bank account ending in digits 9352 from which the defendant $5,602.20 in currency was seized, and the U.S. Bank account maintained by Murillo, ending in digits 6663, and any loan records that are within Murillo's control. Murillo also must produce any records within her control regarding the purchase and/or sale of any of the three vehicles that she owned individually or jointly during the specified time period.

Furthermore, Murillo's delay in the production of discoverable materials establishes "good cause" for the extension of the deadlines set by the Court's amended scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The deadlines for the completion of discovery and the filing of dispositive motions are extended as stated below. The dates for the final pretrial conference and trial dates are cancelled. Subsequently, if appropriate, new dates for those proceedings will be established.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The United States' motion to compel Murillo to respond to requests for production numbers six and seven and for modification of the dates set by the scheduling order (Docket No. 22) is **GRANTED** as stated herein;

Murillo **MUST SUPPLEMENT** her responses to requests for production numbers six and seven **no later than June 22, 2011**;

All requests for discovery must be served by a date sufficiently early so that all discovery in this case **can be completed no later than August 30, 2011.** Neither the pendency of motions nor settlement discussions will affect any of the dates set in this action, and neither will justify delays in the taking of discovery;

Dispositive motions **MUST** be filed **on or before September 30, 2011.** When a motion for summary judgment is filed electronically utilizing the Court's Electronic Case Filing system, counsel must also provide this Chambers with a paper copy of the motion, and all accompanying briefs and papers;

The final pretrial conference call set for **September 23, 2011, at 2:00 p.m.**, and the court trial set for **October 6, 2011, at 9:00 a.m.** are **CANCELLED**; and,

All other dates and provisions of the Court's October 1, 2010, amended scheduling order remain in effect.

Dated at Milwaukee, Wisconsin this 31st day of May, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**