# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   v.                                                 **Case No. 09-C-950**

**APPROXIMATELY $7,400 IN
UNITED STATES CURRENCY
and APPROXIMATELY $5,602
IN UNITED STATES CURRENCY
IN U.S. BANK SAVINGS ACCOUNT
ENDING IN NUMBER 9352, HELD IN
THE NAME OF CLAUDIA MURILLO,**

        **Defendants.**

---

**CLAUDIA MURILLO-FIGUEROA**

        **Claimant.**

---

## DECISION AND ORDER

---

        This forfeiture action is before the Court on two motions:[1] (1) a request by Ronald G. Benavides ("Benavides"), counsel for the Claimant, Claudia Murillo-Figueroa

---

[1] Also pending is the United States' motion to strike and for default judgment. That motion will be addressed in a separate decision.

("Murillo"), to withdraw from representation of Murillo; and (2) a request that the Court hold the default order in abeyance for a short time to give Murillo an opportunity to respond directly to the United States and provide it with the discovery documents or obtain new counsel to assist her in her response. The motions are addressed herein.

## Motion to Withdraw

As ground for withdrawal as counsel, Benavides states that Murillo has not responded to a number of letters that he wrote advising her of the Court's May 31, 2011, Decision and Order requiring her to respond fully and completely to the United States' requests for production numbers six and seven no later than June 22, 2011.[2] Counsel also indicates that he advised Murillo that she could lose the entire case if she did not respond.

The only response that counsel received was a telephone message from Murillo requesting the return of her tax documents – a request with which counsel has complied. Counsel indicates that he cannot further comply with the Court's Order because his client has not provided the required additional documentation. Counsel sent a copy of the motion to withdraw as counsel to Murillo.

The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the district court. *See Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir. 1995). A motion to withdraw may be granted if the client consents or the lawyer establishes compelling reasons to grant the motion "over objection." *Id.*

---

[2] The motion states that the deadline was June 21, 2011; however, the deadline was June 22, 2011. (*See* Court's May 31, 2011, Decision and Order, 6.)

2

Murillo has not responded to her counsel's motion to withdraw. However, Murillo's request for the return of her tax documents may indicate that she no longer wants to be represented by him. Certainly, Murillo has declined to comply with this Court's May 31, 2011, Decision and Order, and has been non-responsive to counsel's attempts to comply with it.

Although no legal authority is cited as a basis for withdrawal of counsel, the situation counsel describes in requesting permission to withdraw appears to fall within the ambit of Wisconsin SCR 20:1.16(b)(4) or (b)(7).[3] Under the circumstances, counsel has

---

[3] Wisconsin SCR 20:1.16 provides in pertinent part:

(b) Except as stated in par. (c), a lawyer may withdraw from representing a client if:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3) the client has used the lawyer's services to perpetrate a crime or fraud;

    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably

3

demonstrated "good cause" for his withdrawal based on Murillo's lack of co-operation with counsel's repeated requests for documents as required to comply with this Court's order. Counsel has also taken reasonable steps to protect his client, as required by Wis. SCR 20:1.16(d), by filing the motion to hold the default order in abeyance. Therefore, his motion to withdraw is granted.

## Motion to Hold Default in Abeyance

Murillo also requests that the United States' motion to strike and for default judgment be stayed for a short time to allow Murillo an opportunity to respond directly to the discovery documents that "have been demanded and not provided," or to find new counsel to assist her.

Murillo may represent herself in this action. *See* General Local Rule 83(b) & (e) (E.D. Wis.). However, this action is at a critical juncture. The Court granted the United States' motion to compel and set a June 22, 2011, deadline for Murillo to provide the United States with the documents that were responsive to its discovery demands. Murillo is in violation of that order.

---

practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

4

On July 29, 2011, the United States filed a motion to strike Murillo's claim and for default judgment. That motion, if granted, would result in the forfeiture of the subject monies.

The withdrawal of counsel is a new development in the case. Therefore, the Court will grant the motion to hold the default order in abeyance until Murillo can respond on her own behalf or by new counsel. The Court will set a new deadline by which Murillo must respond fully and completely to the United States' requests for production numbers six and seven, and file her response to the United States' motion to strike and for default. If she is represented by new counsel, that attorney must also file a certificate of interest as required by Civil Local Rule 7.1. If Murillo does not appear either by counsel or on her own behalf, comply with the Court's discovery order, and file a response to the United States' motion by the stated deadline, the Court will address the motion to strike and for default judgment, without further delay.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Counsel's motion to withdraw from further representation of Murillo in this action (Docket No. 29) is **GRANTED**;

Murillo's motion to hold the default order in abeyance until she can respond to the motion to strike and for default on her own behalf or by new counsel (Docket No. 30) is **GRANTED as follows**:

**No later than October 5, 2011**, Murillo **MUST**, either by new counsel or by herself, respond fully and completely to the United States' requests for production numbers six and seven and file a response to the United States' motion to strike and for default;

If new counsel appears on behalf of Murillo, counsel **MUST** file a disclosure statement as required by Civil Local Rule 7.1 (E.D. Wis.); and,

If such actions are not taken by the stated deadline, the motion to strike and for default judgment will be addressed without further delay.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**