**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

     **v.**                                     **Case No. 09-C-950**

**APPROXIMATELY $7,400 IN**
**UNITED STATES CURRENCY**
**and APPROXIMATELY $5,602**
**IN UNITED STATES CURRENCY**
**IN U.S. BANK SAVINGS ACCOUNT**
**ENDING IN NUMBER 9352, HELD IN**
**THE NAME OF CLAUDIA MURILLO,**

          **Defendants.**

---

**CLAUDIA MURILLO-FIGUEROA**

          **Claimant.**

---

## DECISION AND ORDER

---

This forfeiture action, involving $7,400 seized from the glove compartment of an automobile on April 2, 2009, and $5,602.20 seized from a U.S. Bank savings account ending in the number 9352 on April 9, 2009, is before the Court on the renewed request of the the Plaintiff, the United States of America (the "United States" or the "Government") that the claim of Claudia Murillo-Figueroa ("Murillo") be struck and default judgment be entered as

a sanction for her failure to comply with the Court's prior orders compelling her to provide discovery sought by the United States.

*Background*

This action was filed October 2, 2009. On January 15, 2010, Murillo filed a claim for $4,000 contained in a U.S. Bank envelope seized on April 2, 2009, from the glove compartment of an automobile driven by her fiancee and $5,602.20 seized on April 9, 2009, from her U.S. Bank savings account ending in the number 9352, for a total claim of $9,602.20. On February 4, 2010, Murillo filed an answer to the verified complaint denying that the monies she claimed were drug money or money intended to be used in exchange for drugs or to facilitate drug trafficking offenses.

A scheduling conference conducted with the parties on May 18, 2010, and a scheduling order to govern further proceedings in this action was issued by the Court. On July 27, 2010, Murillo filed a motion for an extension of time to complete discovery and for an similar extension of the trial date because she had advised her counsel that she had undergone brain surgery for removal of a tumor and, more recently, she had not been responding to counsel's repeated attempts to contact her. That motion noted that the Government had served interrogatories, requests for admission and demands for disclosure of documents that were originally due to be answered by July 13, 2010. (Attorney's Mot. Re-Set Discovery & All Other Deadlines & Dates ¶ 1.) The Government responded that it did not oppose Murillo's

2

motion, however, it requested that the Court conduct a status conference before setting any new discovery or other deadlines.

Thereafter, on September 30, 2010, the Court conducted a telephone scheduling conference and issued an amended scheduling order on October 1, 2011. Murillo was directed to respond to the United States' interrogatories and discovery requests on or before November 15, 2010.

On February 25, 2011, the United States filed a motion to compel Murillo to comply with its request for production of documents and for an extension of the discovery and dispositive motion deadlines. In that motion, the Government indicated that it had received Murillo's answers to interrogatories and document production on November 19, 2010; however, the documents that Murillo provided to it were, for all practical purposes, incomprehensible as a result of copying issues, and she had failed to provide all of the documents requested by the Government.

Following the completion of briefing, the Government's motion was granted in a Decision and Order issued on May 31, 2011. Murillo was directed to supplement her responses to requests for production numbers six and seven no later than June 22, 2011.

Thereafter, on July 29, 2011, the Government filed a motion to strike and for default judgment based on Murillo's failure to fully respond to its discovery requests and comply with the Court's order. Murillo did not respond to that motion. However, on

3

September 2, 2011, Murillo's counsel filed a motion to withdraw as Murillo's attorney and to stay the default order.

On September 15, 2011, the Court granted the motions of counsel for Murillo to withdraw from representation of Murillo and to hold the United States's motion to strike and for default judgment in abeyance to afford Murillo an opportunity to respond directly to the United States and provide it with the discovery documents or to obtain new counsel to assist her in her response. The Court set an October 5, 2011, deadline for Murillo to comply with that order. Murillo has not responded to the Court's order.

By letter dated October 7, 2011, the United States indicates that Murillo has not complied with either aspect of this Court's September 15, 2011, Decision and Order relating to the discovery documents and obtaining counsel. Previously, she failed to comply with this Court's May 31, 2011, Decision and Order compelling her to respond to the same discovery requests. Therefore, the United States requests that this Court strike Murillo's claim and enter default judgment, as a sanction for her failure to obey this Court's discovery orders, under Rules 37(b) and 55 of the Federal Rules of Civil Procedure.

*Analysis*

Murillo has failed to comply with two Court orders directing her to respond to the Government's discovery requests. Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure lists striking pleadings in whole or in part and rendering default judgment against a disobedient party as possible sanctions for failure to comply with a court order in the district

4

where the action is pending. A showing of willfulness, bad faith, or fault is necessary when dismissal or default is imposed as a discovery sanction. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (noting that bad faith, willfulness, or fault is required only "when dismissals are used specifically as a discovery sanction.") A sanction is considered, not in isolation, but in light of "the entire procedural history of the case." *E360 Insight, Inc. v. The Spamhaus Project*, No. 10–3538, ___ F.3d ___, 2011 WL 3966150, at *4 (7th Cir. Sept. 2, 2011) (citing *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *see Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) (explaining that a sanction "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction")).

Despite being twice ordered to respond to the Government's discovery requests that are directed to determining the basis for her claim of entitlement to the defendant properties,[1] Murillo has not responded to those discovery requests. Those initial discovery requests were served upon her in June 2010. Murillo eventually served responses, including indecipherable documents, in November 2010. Her responses prompted the Government to file its motion to compel in February 2011.

Murillo has violated two orders of this Court, although she had more than ample opportunity to comply with them. While Murillo apparently had significant medical problems

---

[1] The Government's discovery requests were for all documents regarding Murillo's and her boyfriend's purchase, ownership, and sale of any vehicle for the past four years (Request for Production No. 6) and for all of Murillo's bank and financial-account statements for the past four years (Request for Production No. 7).

5

in the summer of 2010, she has not communicated with her former counsel or this Court to provide an update on her medical condition. Nor, has she made any attempt to comply with the Court's orders. Although Murillo is now a pro se litigant, she is not excused from compliance with procedural rules or Court orders. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Both the Government and this Court have accommodated Murillo and have been patient.

Given Murillo's persistent failure to comply with the Court's orders, the Court concludes that Murillo has willfully violated its orders by failing to provide discovery that is essential for the Government to investigate her claim. This action, filed in late 2009, has inched along – Murillo's illness was taken into account and justifiably slowed the action. However, without further communication, she cannot be allowed to stall this action indefinitely. Thus, the Court deems it appropriate to strike Murillo's claims to the defendant properties – the $4000.00 seized from the glove compartment and the $5,602.20 in United States currency from the US. Bank savings account ending in number 9352.

Furthermore, the Court grants the Government's request for default judgment. The Court finds that the defendant properties, approximately $7,400.00 in United States currency and approximately $5,602.20 in United States currency in U.S. Bank savings account ending in number 9352, were used, or intended to be used, in exchange for controlled substances, or represent proceeds of trafficking in controlled substances, or were used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21

6

U.S.C. §§ 801, *et seq.*, and are, therefore, subject to forfeiture to the United States pursuant to Section 881(a)(6) of Title 21 of the United States Code. The Government may also recover its costs and disbursements.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The United States' motion to strike Murillo's claim and answer, and for default judgment (Docket No. 27) is **GRANTED**;

The defendant properties, approximately $7,400.00 in United States currency and approximately $5,602.20 in United States currency in U.S. Bank savings account ending in number 9352, **ARE FORFEITED** to the United States of America for disposition according to law;

The Government is awarded the costs and disbursements of this action;

This action is **DISMISSED**; and,

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2011.

**BY THE COURT**:

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**